# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# GEORGIA ROME DIVISION

| | | |
|---|---|---|
| MARK SWANSON, | : | |
| | : | |
| Plaintiff | : | CASE NO. |
| | : | |
| v. | : | |
| | : | JURY DEMANDED |
| FLOYD COUNTY, GEORGIA, | : | |
| VIRGINIA HARMAN, | : | |
| MCRAE, SMITH, PEEK, HARMAN AND | : | |
| MONROE, LLP, | : | |
| MARK WALLACE, | : | |
| ALLISON WATTERS, | : | |
| LARRY MAXEY, | : | |
| WRIGHT BAGBY, | : | |
| RHONDA WALLACE, | : | |
| SCOTTY HANCOCK, | : | |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

COMES NOW, PLAINTFF MARK SWANSON, by and through the undersigned counsel, and files this COMPLAINT against DEFENDANTS FLOYD COUNTY, GEORGIA, VIRGINIA HARMAN, MCRAE, SMITH, PEEK, HARMON, AND MONROE, LLP, MARK WALLACE in his official and individual capacities, ALLISON WATTERS in her individual capacity, LARRY MAXEY in his individual capacity, WRIGHT BAGBY in his individual capacity, RHONDA WALLACE in her individual capacity, SCOTTY HANCOCK in his individual capacity, state:

## NATURE OF CLAIM

1. Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Defendants conspired to intentionally and maliciously have him arrested without probable cause or other legal justification. Plaintiff seeks compensatory damages, special damages, general damages, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

2. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff Mark Swanson is an individual residing in the Northern District of Georgia. He is subject to and submits himself to the jurisdiction of this Court.

6.     Defendant Floyd County, Georgia ("Floyd County") is a Georgia public corporate body duly organized under the laws of the State of Georgia. Pursuant to Fed. R. Civ. P. 4(j), Floyd County may be served with process upon the Chairperson of the Board of Commissioners of Floyd County, Georgia, Allison Watters, at 12 East 4th Avenue, Rome, GA 30161.

7.     Defendant McRae, Smith, Peek, Harmon and Monroe, LLP is a Georgia limited liability partnership. This defendant may be served with process upon one of its partners at 111 Bridgepoint Plaza, Suite 300, Rome, Georgia 30162.

8.     Defendant Virginia Harman is an attorney residing in the Northern District of Georgia. She may be served with process at 111 Bridgepoint Plaza, Suite 300, Rome, Georgia 30162.

9. Defendant Mark Wallace is the Floyd County Police Chief being sued in his individual and official capacities. He may be served with process at 5 Government Plaza, Rome, Georgia 30161.

10. Defendant Allison Watters is the Chair of the Floyd County Commissioners in the Northern District of Georgia being sued in her individual capacity. She may be served with process at 12 E. 4th Avenue, Suite 210, Rome, Georgia 30161.

11. Defendant Larry Maxey is a member of the Floyd County Commissioners in the Northern District of Georgia being sued in his individual capacity. He may be served at 12 E. 4th Avenue, Suite 210, Rome, Georgia 30161.

12. Defendant Wright Bagby is a member of the Floyd County Commissioners in the Northern District of Georgia being sued in his individual capacity. He may be served at 12 E. 4th Avenue, Suite 210, Rome, Georgia 30161.

13. Defendant Rhonda Wallace is a member of the Floyd County Commissioners in the Northern District of Georgia being sued in his individual capacity. She may be served at 12 E. 4th Avenue, Suite 210, Rome, Georgia 30161.

14. Defendant Scotty Hancock is a member of the Floyd County Commissioners in the Northern District of Georgia being sued in his individual capacity. He may be served at 12 E. 4th Avenue, Suite 210, Rome, Georgia 30161.

## FACTUAL ALLEGATIONS

15.     As a private citizen, Plaintiff began researching the integrity of the 2020 General Election and the 2021 Federal Runoff Elections. These efforts were not in support of, or on behalf of, any political candidate or party.

16.     In furtherance of his efforts, Plaintiff requested records from Floyd County officials through the Georgia Open Records Act. By January 2023, Plaintiff accumulated numerous responses to open records act requests, including a significant number of seemingly deficient responses.

17.     Plaintiff became convinced that Floyd County was not in compliance with numerous election recordkeeping requirements. Plaintiff's primary point of contact for these open records act requests was Defendant Virginia Harman as the Floyd County Attorney.

18.     Plaintiff appeared before the Floyd County Election Board and the Floyd County Commissioners on several occasions, citing specific perceived violations of Georgia Election Laws for the two cited elections. Plaintiff requested that the Commissioners conduct a full audit of the Floyd County Elections Office.

19.     Plaintiff believed that Floyd County was in violation of O.C.G.A. §§ 21-2- 483(h), 21-2-500(a), 21-2-493, 21-2-94, 21-2-95, 21-2-495 and others which required the county to retain election-related material that the county appeared to not have, given its inability to produce the items in response to

Plaintiff's open records requests.

20.     Plaintiff began to view Defendant Virginia Harman as purposely evasive and negligent in her handling of Open Record Requests. As a result, Plaintiff decided that (during the January 10, 2023 commission meeting) he would voice his opposition to Defendant Virginia Harman and her law firm Defendant McRae, Smith, Peek, Harman & Monroe, LLP being reappointed as County Attorney.

21.     Plaintiff sent an email to Defendant Virginia Harman on January 2, 2023 stating that he wanted to be added to the agenda of the next commission meeting scheduled to take place on January 10, 2023. Plaintiff then made at least three additional requests to Defendant Virginia Harman and the County Commission members to be added the January 10, 2023 agenda to voice opposition to the reappointment of Defendant Virginia Harman and her firm.

22.     Unknown to Plaintiff at the time, on January 6, 2023, Defendant Virginia Harman sent an email to Defendants Allison Watters, Larry Maxey, Wright Bagley, Scotty Hancock, Rhonda Wallace, another attorney at Defendant McRae, Smith, Peek, Harman and Monroe, LLP named Christopher Jackson, some of her law firm staff members, the Floyd County Manager, and the Floyd County Clerk. The email stated:

> "Commissioners and staff: I will NOT be copying you with all Mark Swanson related emails but did want you to see the response

below to the one where he demanded that Commissioners and others be present and film some record production. He is absolutely out of line. I do plan to give you a further update Tuesday in Executive session since he has threatened litigation against everyone and the kitchen sink about his being kicked out[1] of the State Election Board meeting in December. Given his harassing and threatening conduct of late, it is my recommendation that we be prepared to have him engage in some sort of histrionics on Tuesday and I am sure there will be extra media attention. I think some extra but well-chosen security might be in order and a plan for how to deal with him if he goes beyond his allotted time in public participation."

Virginia

23. Defendant Virginia Harman's words "that we be prepared to have him engage…" reveal a clear intent to treat Plaintiff differently than public participants are typically treated for the purpose of having him arrested.

24. Defendant Virginia Harman's words "Given his harassing and threatening conduct of late…" (Plaintiff never harassed or threatened) reveal that her motive is not related to furthering any governmental function or the peaceful conduct of the commission meeting. Rather, her motive was to punish him for speaking against her interest and the interests of her firm, Defendant McRae, Smith, Peek, Harman and Monroe, LLP.

25. Defendant Virginia Harman's words "I am sure there will be extra media attention" reveal her intent to have media present to publicize the planned arrest of Plaintiff. Media was present on January 10, 2023, and they did publicize the

---

[1] Plaintiff was never kicked out of a State Election Board meeting

arrest.

26. Over the 12-month period before January 10, 2023, approximately 38% of public participants at Floyd County Commission meetings went over their 3-minute allotted time without receiving approval to do so. None of these public participants were arrested or removed from the commission meeting.

27. Despite this, Defendant Virginia Harman's email stated that she recommended that the Floyd County Commissioners have "extra but well-chosen security… and a plan for how to deal with [Plaintiff] if he goes beyond his allotted time [3 minutes] in public participation." This plan was to have him arrested. There was no vote conducted by the commissioners to have plaintiff removed or arrested.

28. Before the January 10, 2023 commission meeting began, the Commissioners participated in a caucus meeting which was open to the public. One of the purposes of such caucus meetings is to discuss agenda items and public requests for the commission meeting before it begins.

29. Plaintiff requested additional time to speak (beyond 3 minutes) on multiple occasions prior to January 10, 2023. He expected his request for additional time to be discussed during the caucus meeting. He and a witness attended the caucus meeting. However, his request for more than 3 minutes of speaking time was not discussed, nor was his opposition to Defendant Harman

and her firm's reappointment.

30. When the caucus meeting concluded, participants gathered in the meeting room for the commission meeting. Upon information and belief, Defendant Mark Wallace, the Floyd County Chief of Police, was informed that the Commissioners wanted Plaintiff arrested if he speaks over 3 minutes during the commission meeting.

31. Probable cause for an arrest would not exist if a public participant merely goes over the 3 minute allotted speaking time.

32. The Floyd County Commissioners not only accepted the emailed recommendation of Defendant Virginia Harman in its entirety, but they also actively approved, planned and participated in her plan to have plaintiff arrested.

33. The Police Chief, Defendant Mark Wallace, agreed to participate (and to have his officers participate) in the execution of the plan despite the absence of probable cause for an arrest for simply going over allotted time.

34. During the commission meeting, Plaintiff was called to the microphone to speak. His request for additional time was not addressed in advance of the Caucus meeting, despite the repeated requests in writing prior to the meeting by Plaintiff. Both Defendant Virginia Harman and Commission Chair Allison Watters informed Plaintiff that they would have Plaintiff's request for additional time brought to the attention of the commission members. But it was not brought

to their attention during the caucus meeting.

35. Plaintiff took the podium and spoke about his need for additional time. After discussing his belief that additional time should be granted on free speech grounds, the commissioners individually informed him that he would not be allowed to speak beyond 3 minutes. After the discussion regarding why additional time should be allocated on free speech grounds went beyond 3 minutes, Plaintiff was arrested from the podium.

36. At all times relevant hereto, Plaintiff was arrested solely and exclusively for speaking over the allotted 3 minutes per the conspiracy entered into between the Defendants prior to the commission meeting.

37. At all times relevant hereto, Plaintiff was not violent, threatening, or tumultuous.

38. At all times relevant hereto, Plaintiff peacefully allowed officers to conduct the arrest and transport him.

39. Plaintiff was arrested for violating O.C.G.A. § 16-11-34(a), a statute which was declared unconstitutional by the Georgia Supreme Court in 2006. There is no constitutional criminal statute providing probable cause for Plaintiff's arrest.

40. At all times relevant hereto, Defendants knew or should have known that O.C.G.A. § 16-11-34(a) was declared unconstitutional by the Georgia

Supreme Court.

41.     At all times relevant hereto, Defendants knew or should have known that there was no constitutional criminal statute providing probable cause for Plaintiff's arrest.

42.     As a direct and proximate result of the unlawful arrest of Plaintiff on January 10, 2023, Plaintiff has suffered damages, including a public arrest, time in jail, public humiliation, and adverse employment consequences.

43.     At all times relevant hereto, the Defendants herein serving as members of the Floyd County Commission were final decisionmakers regarding the conduct of the commission meeting on behalf of Defendant Floyd County, and regarding the decision to deny Plaintiff's request for additional speaking time for reasons unrelated to any legitimate government purpose. The plaintiff's intent was to serve both the Public and Government's interests in calling out the County Attorney for non-compliance with the law.

44.     At all times relevant hereto, Defendant Mark Wallace was the final decisionmaker regarding whether Floyd County police deputies (and himself) would succumb to the request to arrest Plaintiff without probable cause.

45.     At all times relevant hereto, Defendants acted with malice and an intent to cause harm under color of law.

## COUNT I
## FIRST AMENDMENT - 42 U.S.C. § 1983

46. While the Defendants serving as members of the Floyd County Commission have the right to place time restrictions upon speech during commission meetings, they do not have the right to restrict speech for the illegitimate purpose of barring expressions of opposition to their preferred County Attorney, or opinions with which they disagree.

47. Defendants Floyd County, Allison Watters, Larry Maxey, Wright Bagby, Rhonda Wallace, and Scotty Hancock accepted the emailed recommendation of Defendant Virginia Harman dated January 6, 2023 wherein she recommended that the 3 minute time restriction be used as a pretext to arrest Plaintiff in front of news media. The acceptance and execution of this recommendation prevented Plaintiff from speaking in violation of the First Amendment.

48. Over the years, no public participant who went over their allotted time was ever arrested by these commission members or at their recommendation. Upon information and belief, no citizen of Floyd County GA has been removed for speaking over their allotted time since 1996. The commission member Defendants utilized the arrest and time restriction differently for Plaintiff than for other members of the public for the unlawful purpose of restricting his speech.

## COUNT II
## FOURTH AMENDMENT - 42 U.S.C. § 1983
## FALSE ARREST

49. The warrantless arrest of Plaintiff without probable cause, as set forth above, violates Plaintiff's Fourth Amendment rights and constituted a false arrest. All Defendants participated in said false arrest, causing damages.

## COUNT III
## FOURTH AMENDMENT - 42 U.S.C. § 1983
## MALICIOUS PROSECUTION

50. The criminal prosecution of Plaintiff, without probable cause and with malice, violates Plaintiff's Fourth Amendment rights and constitutes a malicious prosecution[2]. All Defendants participated in said malicious prosecution, causing damages.

## COUNT V
## FALSE ARREST – O.C.G.A. §§ 51-7-1 through 51-7-4

51. The arrest of Plaintiff, as set forth above, was under process of law, without probable cause, and made maliciously and on false pretenses. All Defendants participated in the false arrest of Plaintiff, causing damages.

---

[2] While malicious prosecution claims typically require a formal termination of the underlying prosecution to have already taken place in favor of the Plaintiff, in this case Plaintiff was charged with violating O.C.G.A. section 16-11-34(a) which was declared unconstitutional by the Georgia Supreme Court in 2006. Consequently, the termination of the prosecution has already taken place in Plaintiff's favor by operation of law

## COUNT VI
## FALSE IMPRISONMENT – O.C.G.A. §§ 51-7-20 through 51-7-22

52. The unlawful detention of Plaintiff, as set forth above, deprived Plaintiff of his liberty and caused damages. All Defendants participated in the false imprisonment of Plaintiff.

## COUNT VII
## MALICIOUS PROSECUTION – O.C.G.A. §§ 51-7-40 through 51-7-47

53. The criminal prosecution of Plaintiff, as set forth above, was under process of law, without probable cause, and made maliciously and on false pretenses. All Defendants participated in the malicious prosecution[3] of Plaintiff, causing damages.

WHEREFORE, Plaintiff demands judgment as follows:

(a) That the Defendants be served with a copy of this Complaint and process as provided by law;

(b) That the Plaintiff recover of the Defendants special damages;

(c) That the Plaintiff recover of the Defendants general damages for mental and emotional distress for the violations of Plaintiffs' rights;

(d) That the Plaintiff recover of the Defendants general damages for harming his standing within the community;

(e) That the Plaintiff recover prejudgment interest;

(f) That the Plaintiff recover punitive damages for willful violations of Plaintiff's rights;

---

[3] See footnote 2.

(g) That the Plaintiff recover his costs and reasonable attorney's fees;

(h) Trial by jury;

(i) Such other and further relief as the Court deems just and proper.

This 25th day of October 2024.

/s/   Kenneth   Muhammad
KENNETH MUHAMMAD
Georgia Bar Number 527907
10 Glenlake Parkway
Suite 130
Atlanta, Georgia 30328
800-910-5760