**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| MARK SWANSON,<br><br>Plaintiff<br><br>v.<br><br>FLOYD COUNTY, GEORGIA,<br>VIRGINIA HARMAN,<br>MCRAE, SMITH, PEEK, HARMAN AND MONROE, LLP,<br>MARK WALLACE,<br>ALLISON WATTERS,<br>LARRY MAXEY,<br>WRIGHT BAGBY,<br>RHONDA WALLACE,<br>SCOTTY HANCOCK,<br>Defendants. | : | CASE NO.<br>4:24-CV-00252-WMR |

## JOINT STATUS REPORT

The Defendants and Plaintiff filed separate Preliminary Reports and Discovery Plans on January 6, 2025 and January 7, 2025 respectively, but no scheduling order has been entered in this case. [Dkt. 16 & 17]. At the time that those reports were filed, there was a related criminal case pending in the Superior Court of Floyd County, Georgia (hereinafter "the related criminal case"). On January 29, 2025, this Court entered an order staying all proceedings until the related criminal case was resolved. [Dkt. 20]. On March 30, 2026, this Court granted the Plaintiff's Motion to Reopen Case since the related criminal case was terminated. [Dkt. 27].

This Court also ordered the parties to "confer and file a joint status report within twenty-one (21) days of the date of this Order." [*Id.*]. This Joint Status Report serves as the parties' response to that order.

On April 10, 2026, the parties conferred by video conference. From that conference, the parties are able to report to the Court the following.

The Defendants believe that the Plaintiff will seek attorney client confidential communications, communications protected by the work-product doctrine, and un-redacted documents containing personal identifying information. The Defendants also believe that Plaintiff's social media posts have presented safety concerns among other issues. For example, the defense has raised concerns about the location of defense witness depositions being referenced on social media. Because of these concerns, the Defendants are asking for a scheduling conference before they are required to serve initial disclosures and discovery begins.

The Plaintiff believes that privileged documents can be withheld through a basic objection and it is premature to claim that there is a discovery dispute requiring input from the Court at this time. The Plaintiff is also open to agreeing to reasonable suggestions from the defense regarding safety protocols, such as a restriction from posting the time and location of depositions or anything that may raise concern to the defense. However, the Plaintiff is not opposed to a scheduling conference.

Outside of the above-referenced issues, the previously filed preliminary reports and discovery plans correctly outline the parties' positions on the issues.

Respectfully Submitted April 20, 2026.

/s/ Kenneth Muhammad
KENNETH MUHAMMAD
Georgia Bar No. 527907
kenneth@lawofficekwm.com
6340 Sugarloaf Parkway
Suite 200
Duluth, Georgia 30097
678-775-6722

*Counsel for Plaintiff Mark Swanson*

/s/ Daniel B. Millman
Shannon M. Sprinkle
Georgia Bar No. 495095
ssprinkle@stites.com
Daniel B. Millman
Georgia Bar No. 603728
dmillman@stites.com
STITES & HARBISON, PLLC
303 Peachtree Rd NE #2800
Atlanta, Georgia 3030

*Counsel for Defendants McRae, Smith, Peek Harman & Monroe, LLP and Virginia Harman*

/s/ Steven M. Rodham
Ronald W. Womack
Georgia Bar No. 773650
rwomack@wrrlawfirm.com
Steven M. Rodham
Georgia Bar No. 611404
srodham@wrrlawfirm.com
WOMACK, RODHAM & RAY, P.C.
109 EAST PATTON AVENUE
P. O. BOX 549
LAFAYETTE, GEORGIA 30728
706/638-2234

*Counsel for Defendants Floyd County Georgia, Allison Watters, Larry Maxey, Wright Bagby, Rhonda Wallace, Scotty Hancock, and Mark Wallace*